UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CATHERINE RUIZ              :      CIVIL NO.
                               :
      Plaintiff               :
                               :
v.                               :
                             :
COSTCO WHOLESALE       :
CORPORATION              :
                             :
      Defendant         :      JUNE 8, 2020

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1336 and 28 U.S.C. §1446, the defendant, Costco

Wholesale Corporation, hereby submits this notice of removal of the above lawsuit

filed in the Superior Court of Connecticut for the Judicial District of Danbury at

Danbury with a Return Date of June 30, 2020 to the United States District Court

for the District of Connecticut.

The basis for such removal is diversity jurisdiction pursuant to 28 U.S.C.

§1332 as the plaintiff is a citizen of New York and the defendant is a corporation

with a principal place of business in Issaquah, WA. The State Court Complaint

does not specify the amount of alleged damages.  However, plaintiff alleges bodily

injuries and if the matter is not removed plaintiff may amend her Complaint to

allege injuries, the value of which may exceed $75,000.00.  A copy of the

Summons and Complaint filed in Danbury Superior Court is attached hereto as Exhibit "A".

Costco Wholesale Corporation has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal. A copy of the Notice of Removal filed in the Connecticut Superior Court is attached hereto as Exhibit "B".

Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

Finally, a copy of the Civil Cover Sheet is attached hereto as Exhibit "C".

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2340 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CATHERINE RUIZ : CIVIL NO.
:
    Plaintiff :
:
v. :
:
COSTCO WHOLESALE :
CORPORATION :
:
    Defendant : JUNE 8, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 8, 2020 a copy of the defendant's Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                THE DEFENDANT,
                COSTCO WHOLESALE CORPORATION

                _____/s/ Miles Esty_____
                Miles Esty, Esq.
                Esty & Buckmir, LLC
                2340 Whitney Avenue
                Hamden, CT 06518
                Tel: (203) 248-5678
                Fax: (203) 288-9974
                E-Mail: mesty@estyandbuckmir.com
                Fed Bar No. CT# 08867

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **141 WHITE STREET, DANBURY, CT 06810** | ( 860 ) 626 – 2100 | 06/30/2020 |

| ☒ Judicial District | ☐ G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session | Number: | **DANBURY** | Major: T    Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| CRAMER AND ANDERSON, LLP - 46 WEST STREET, P.O. BOX 278, LITCHFIELD, CT 06759 | 012732 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 567 – 8718 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) CSOCHACKI@CRAMER-ANDERSON.COM |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: RUIZ, CATHERINE<br>Address: 10 OAK TRAIL COURT, CARMEL, NY 10512 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: COSTCO WHOLESALE CORPORATION  - 999 LAKE DRIVE, ISSAQUAH, WA 98027<br>Address: A/F/S: CT CORPORATION SYSTEM - 67 BURNSIDE AVENUE, EAST HARTFORD, CT 06108-3408 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 01 | Total number of defendants: 01 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 05/20/2020 | | ☐ Clerk | CHRISTOPHER J. SOCHACKI, ESQ. |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*
   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE: JUNE 30, 2020 : SUPERIOR COURT

CATHERINE RUIZ : JUDICIAL DISTRICT OF DANBURY

v. : AT DANBURY

COSTCO WHOLESALE
CORPORATION : MAY 20, 2020

## **COMPLAINT**

1. At all times relevant to this Complaint, Plaintiff, Catherine Ruiz, was a resident of
   the state of New York, and resides at 10 Oak Trail Court, Carmel, NY.

2. At all times relevant to this Complaint, Defendant, Costco Wholesale Corporation
   (hereinafter "Defendant") was a Washington Corporation, authorized to conduct
   business in the State of Connecticut, with a place of business at 200 Federal
   Road, Brookfield CT.

3. At all times relevant to this Complaint, Defendant owned, operated, maintained,
   possessed and or had control over a shopping store that sells retail goods
   located at 200 Federal Road, Brookfield, CT, and the attached liquor store
   therein. Said premises at all times relevant hereto were held open to club
   members, who were invited to purchase retail items.

4. On or about June 24, 2018, Plaintiff was an invitee of Defendant's property, when
   she, upon entering the Defendant's liquor store entrance way, slipped on an
   accumulation of water on the floor and fell down thereby causing the injuries and
   losses more particularly hereinafter set forth.

CRAMER & ANDERSON LLP
Attorneys at Law
46 West Street • P.O. Box 278 • Litchfield, CT 06759-0278 • (860) 567-8718 • Juris # 12732

5. On or about June 24, 2018, Defendant did not notify any patrons, of the
   hazardous and unsafe condition of water accumulation so that they could take
   the proper precautions to protect themselves and be aware of the dangerous
   condition.

6. As a result of the aforementioned negligence and/or carelessness of the
   Defendant, the Plaintiff, sustained serious, permanent, and disabling injuries
   where are more particularly hereinafter set forth.

7. The Plaintiff's injuries, damages, and losses were proximately caused by the
   defective condition of Defendant's premises and the negligence or carelessness
   or Defendant in one or more of the following aspects:

   a.   In that the Defendant created a hazardous condition, by leaving
        water on the entrance floor, so that the Plaintiff would be caused to
        slip;

   b.   In that the Defendant allowed a dangerous condition or conditions
        to exist upon its premises—specifically, water on the floor of an
        entrance where the Defendant knew, or should have known, that
        customer traffic would occur and would create an unreasonable risk
        of harm to invitees such as the Plaintiff;

   c.   In that the Defendant failed to properly maintain the premises
        where the Plaintiff fell, in a safe condition—specifically keep the

2

store's entrance floor clean of water accumulation, although in the reasonable exercise of due care, it could have and/or should have done so;

d.      In that the Defendant failed to provide proper warning to the Plaintiff and/or invitees of the existence of a dangerous condition—specifically, the accumulation of water on the entrance floor, although in the reasonable exercise of due care, it could have and/or should have done so by erecting one or more warning signs, barriers, and/or caution tape;

e.      In that the Defendant failed to properly inspect the premises to determine whether a dangerous condition such as the accumulation of water on the entrance floor existed upon the premises in such a manner so as to endanger the safety of invitees such as the Plaintiff, although in the exercise of reasonable care it could have and should have done so;

f.      In that the Defendant failed to take proper steps to remove, correct, and/or remedy the existence of a dangerous condition—specifically, failed to remove, mop, or clean up the accumulation of water on the entrance floor, under circumstances where it knew or should have known that harm to invitees such as the Plaintiff as a

3

result of said dangerous condition was reasonably foreseeable, and in the exercise of reasonable due care, it could have and/or should have done so;

g.    In that the Defendant created a dangerous condition by not timely removing, cleaning, and/or remedying the existence of a dangerous condition—specifically, the aforementioned accumulation of water on the entrance floor, under circumstances where it knew or should have known that harm to invitees such as the Plaintiff as a result of said dangerous condition was reasonably foreseeable, and in the exercise of reasonable due care, it could have and/or should have done so; and

h.    In that the Defendant failed to hire, contract and/or engage diligent agents and/or employees to sufficiently maintain, manage and control the condition of the store floor so as to maintain safe conditions for invitees such as Plaintiff.

8. As a proximate result of said defective condition of Defendant's premises and the negligence or carelessness of Defendant's, its agents, servants, and employees, the Plaintiff sustained the following injuries of a serious, painful, and permanent nature:

a.  Blunt force trauma to the right knee;

4

b. Blunt force trauma to the right shoulder;

c. Bruising and swelling of the right anterior knee with patellar tenderness;

d. Bruising of the right shoulder;

e. Hyperextension of back;

f. Exacerbation of a compression deformity/fracture of T12;

g. Superior endplate T2 signal hyperintensity with associated focal kyphosis at T11-T12;

h. L1 wedge compression fracture;

i. Sacroiliitis;

j. Cervical facet arthrosis;

k. Myofascial pain;

l. Localized pain of the buttocks;

m. Pain and discomfort of the bilateral hips;

n. Pain and discomfort of the right shoulder;

o. Pain and discomfort of the right knee;

p. Pain and discomfort of the lumbar spine;

q. Pain and discomfort of the thoracic spine;

r. Pain, spasm, and discomfort of the cervical spine with crepitus ;

s. Truncated range of motion of the cervical spine;

t. Pain and strain of the cervical spine;

CRAMER & ANDERSON LLP
Attorneys at Law
46 West Street • P.O. Box 278 • Litchfield, CT 06759-0278 • (860) 567-8718 • Juris # 12732

u.  Mixed pulmonary/respiratory symptoms including but not limited to dyspnea;

v.  Potential future spinal surgery; and

w.  Pain, suffering, and emotional distress.

9.  As a further result of Defendant's negligence or carelessness, the Plaintiff, received permanent damage to her thoracic spine, cervical spine, lumbar spine, and pulmonary/respiratory system. She has endured and will continue to endure for an indefinite period of time, great mental and physical pain and suffering.

10. As a further result of Defendant's negligence or carelessness, the Plaintiff has been and will be permanently restricted and deprived of usual pleasures, pursuits, diversions, and recreations of life.

11. As a further result of Defendant's negligence or carelessness, the Plaintiff has undergone medical examinations, chiropractic therapy, physical therapy, spinal injections, spinal radiofrequency ablation, radiological and diagnostic testing, and been administered powerful medications in an effort to treat, cure, and alleviate her injuries and conditions.

12. As a further result of Defendant's negligence and carelessness, the Plaintiff may require spinal surgical intervention which will demonstrably impact her ability to work and carry out the day-to-day functions of her life and will more like result in a permanent disability.

6

13. As a further result of Defendant's negligence or carelessness, the Plaintiff and

   incurred and will continue to incur medical expenses in an effort to treat, cure,

   and alleviate her injuries and conditions.

WHEREFORE, Plaintiff claims:

1.  Money damages;

2.  All other remedies in law the Court deems just.

THE PLAINTIFF,
CATHERINE RUIZ

By: _____
Christopher J. Sochacki (#415849)
Cramer & Anderson, LLP
46 West Street, P.O. Box 278
Litchfield, CT 06759
(860) 567-8718
Email: csochacki@crameranderson.com

7

RETURN DATE: JULY 14, 2020      :     SUPERIOR COURT

CATHERINE RUIZ            :     JUDICIAL DISTRICT OF DANBURY

v.                               :     AT DANBURY

COSTCO WHOLESALE CO.     :     MAY 20, 2020

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is equal to or greater than Fifteen Thousand

Dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
CATHERINE RUIZ,

By: _____
Christopher J. Sochacki (#415849)
Cramer & Anderson, LLP
46 West Street, P.O. Box 278
Litchfield, CT  06759
(860) 567-8718
Email: csochacki@crameranderson.com

CRAMER & ANDERSON LLP
Attorneys at Law
46 West Street • P.O. Box 278 • Litchfield, CT 06759-0278 • (860) 567-8718 • Juris # 12732

8

# EXHIBIT B

DOCKET NO. DBD-CV20-6036191-S          :          SUPERIOR COURT

CATHERINE RUIZ                                       :          J.D. OF DANBURY

VS.                                                          :          AT DANBURY

COSTCO WHOLESALE CORPORATION          :          JUNE 8, 2020

## NOTICE OF REMOVAL

The defendant, Costco Wholesale Corporation, hereby gives notice that it

has removed this action to Federal Court.  A copy of said removal (without

exhibits) is attached hereto as Exhibit "A".

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/400462_____
Miles N. Esty, Esq.
Esty & Buckmir, LLC
2340 Whitney Avenue
Hamden, CT 06518
Tel. No. 203-248-5678
Juris No. 415435

## CERTIFICATE OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

Cramer & Anderson
46 West Street
PO Box 278
Litchfield, CT 06759

_____/s/400462_____
Miles N. Esty, Esq.
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CATHERINE RUIZ                          :        CIVIL NO.
                                        :
        Plaintiff                       :
                                        :
v.                                      :
                                        :
COSTCO WHOLESALE                        :
CORPORATION                             :
                                        :
        Defendant                       :        JUNE 8, 2020

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1336 and 28 U.S.C. §1446, the defendant, Costco

Wholesale Corporation, hereby submits this notice of removal of the above lawsuit

filed in the Superior Court of Connecticut for the Judicial District of Danbury at

Danbury with a Return Date of June 30, 2020 to the United States District Court

for the District of Connecticut.

The basis for such removal is diversity jurisdiction pursuant to 28 U.S.C.

§1332 as the plaintiff is a citizen of New York and the defendant is a corporation

with a principal place of business in Issaquah, WA. The State Court Complaint

does not specify the amount of alleged damages.  However, plaintiff alleges bodily

injuries and if the matter is not removed plaintiff may amend her Complaint to

allege injuries, the value of which may exceed $75,000.00.  A copy of the

Summons and Complaint filed in Danbury Superior Court is attached hereto as Exhibit "A".

Costco Wholesale Corporation has, as of this date, notified the Connecticut Superior Court of the filing of this Notice of Removal. A copy of the Notice of Removal filed in the Connecticut Superior Court is attached hereto as Exhibit "B".

Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

Finally, a copy of the Civil Cover Sheet is attached hereto as Exhibit "C".

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION

_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2340 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CATHERINE RUIZ | : | CIVIL NO. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION | : | |
| | : | |
| Defendant | : | JUNE 8, 2020 |

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020 a copy of the defendant's Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION


_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2340 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

# EXHIBIT C

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Catherine Ruiz

**(b)** County of Residence of First Listed Plaintiff   Putnam
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher Sochacki, Esq., Cramer & Anderson, 46 West Street, PO Box 278, Litchfield, CT 06759, 860-567-8718

## DEFENDANTS

Costco Wholesale Corporation

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Miles Esty, Esq., Esty & Buckmir, LLC, 2340 Whitney Avenue, Hamden, CT 06518, 203-248-5678

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Alleged premises liability resulting in alleged personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/08/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Miles N. Esty

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____